NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| DONNA BREWER, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 06-6294 (DRD) |
| | : | |
| v. | : | |
| | : | |
| GEORGE HAYMAN, et al., | : | **O P I N I O N** |
| | : | |
| Defendants. | : | |
| | : | |

---

LOUGHRY & LINDSAY, LLC
Justin T. Loughry, Esq.
Lawrence W. Lindsay, Esq.
330 Market Street
Camden, NJ 08102

*Attorneys for Plaintiff*

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625

by Sarah Campbell, Esq.
Deputy Attorney General

*Attorney for Defendants*

**DEBEVOISE, Senior District Judge**

       Plaintiff, Donna L. Brewer ("Plaintiff" or "Brewer"), Executive Director of Garden State

Cure, a non-profit organization which advocates prison reform, is the wife of Matthew Brewer, an inmate of New Jersey State Prison, also known as East Jersey State Prison ("EJSP"). Plaintiff suffers from a degenerative joint disease ("DJD"), which causes her to use a wheelchair when required to cover substantial distances on foot.

Plaintiff alleges that, shortly after September 14, 2005, when she complained about the treatment of her husband to prison administrators, she was subjected to an abusive strip search in retaliation for her complaint. Plaintiff instituted suit alleging violations of her federal constitutional rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution, under New Jersey's constitutional counterparts, as well as under her state statutory rights to be free of discrimination based upon physical disability or hardship, N.J.S.A. § 10:5-1, et seq..

Defendants are George Hayman, Acting Commissioner of the New Jersey Department of Corrections; Alfredo Ortiz, former Administrator in charge of the EJSP; Michael Power, present Administrator of the EJSP; Officer John Doe 1, Officer James Doe 1, and Lt. F/N/U Murray, the supervisory officers in charge of implementing the New Jersey Department of Corrections' policies and procedures at the EJSP; and Officers Welsh and Wallace, who conducted the search of Plaintiff.

Defendants moved to dismiss the Amended Complaint, in part, pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the claims for damages against Defendants in their official capacities asserted in Count One are barred by the Eleventh Amendment and Count Three of the Amended Complaint on the grounds that Plaintiff is not entitled to injunctive relief. In her

response papers, Plaintiff asserts that in Count One she seeks damages against Defendants only in their individual capacities, and therefore the motion as directed to Count One need not be considered. Defendants' motion as directed to Count Three will be denied.

## I. BACKGROUND

Plaintiff, Donna Brewer, the wife of Matthew Brewer, an inmate at the EJSP, suffers from a degenerative bone disease that requires her to use a wheelchair when walking would be too arduous. (Am. Compl.¶¶ 15, 16.) Prior to September, 2005, Plaintiff visited her husband at the EJSP on several occasions without incident. Id.¶ 14. Plaintiff frequently used her wheelchair on these visits to the EJSP on account of the substantial distance from the parking area to the visitors area. Id. ¶ 16.

In 2004 and early 2005, Plaintiff came to believe that her husband was being harassed by Corrections Department staff. (Am. Compl.¶ 17.) Beginning in July, 2005, the harassment of her husband seemed to escalate. Id. So on September 14, 2005, Plaintiff sent a letter to EJSP administrators complaining about the treatment of her husband. Id. The letter specifically identified Sergeant Pascal as one of the perpetrators of the harassment. Id.

Within ten days of sending the letter, Plaintiff went to visit her husband at the EJSP. Upon her arrival, Plaintiff was informed by Defendants Welsh and Wallace, the corrections officers on duty in the visitors' area of the EJSP, that her person needed to be searched prior to visiting her husband. (Am. Compl ¶ 19.) Plaintiff was shown to a side room, but Plaintiff was unable to maneuver her wheelchair through the doorway. Id. Plaintiff was not offered assistance by any of the corrections officers on duty and was not permitted to receive any assistance from

other visitors.  Id. ¶¶ 21, 22.

Unable to access the side room and within the view of other visitors and male corrections personnel, Defendants Welsh and Wallace ordered Plaintiff to open her blouse and unclasp her brassiere.  (Am. Compl. ¶ 23.)  Defendants then instructed Plaintiff to lean forward and shake her breasts in order for them to conduct a visual search of Plaintiff's person.  Id.  Plaintiff was not "wanded" by any hand-held metal detection device prior to the visual search.  Id.

## II. DISCUSSION

### A. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint, or a count therein, for failure to state a claim upon which relief can be granted.  When considering a 12(b)(6) motion, the Court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Center Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly., 127 S.Ct. 1955 (2007).  Abrogating the standard established in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief," the Supreme Court now instructs that "[f]actual

allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct at 1965.

**B.      Count III**

In Count III of her Amended Complaint, Plaintiff seeks (1) an injunction against Defendants Hayman and Power that would require them to issue and enforce search policies that respect the privacy of handicapped individuals and (2) an injunction against Defendants Hayman and Power to prevent retaliation against her legal action, either by subjecting her to additional searches or transferring her husband to another facility.  Defendants Hayman and Power have responded by asserting that (1) Plaintiff has failed to allege facts that establish her standing to seek an injunction prohibiting the transfer of her husband; (2) that Plaintiff's request for injunctive relief with respect to the search procedures for handicapped visitors of the EJSP is moot; and (3) that Plaintiff has failed to state a claim for injunctive relief as to the screening of EJSP visitors or protection against retaliation.

      **1.      Standing**

Defendants Hayman and Power argue that Plaintiff has not alleged facts that establish her standing to seek an injunction prohibiting the transfer of her husband from the EJSP to another detention facility.  In order to survive a motion to dismiss on the grounds that a plaintiff lacks standing to seek an injunction, a plaintiff's complaint must allege that plaintiff has suffered an injury in fact that is fairly traceable to the defendants' allegedly unlawful conduct and that is likely to be redressed by a favorable decision in order to have standing to seek an injunction. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Trump Hotels & Casino Resorts v.

Mirage Resorts, 140 F.3d 478, 484-85 (3d Cir. 1998).  Although a plaintiff ordinarily does not have standing to assert the constitutional rights of a third party, Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1981), some circumstances exist where a plaintiff may rely on the violation of some third party's rights to support a claim for injunctive relief, see, e.g., Powers v. Ohio, 499 U.S. 400, 411 (1991); Craig v. Boren, 429 U.S. 190 (1976).

Although, prison officials are granted broad discretion to transfer inmates for any number of reasons, see Meachum v. Fano, 427 U.S. 215, 224-25 (1976); McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."), and inmates have no liberty interest in remaining in a particular prison, unless granted such a right by the state, see Meachum, 427 U.S. at 224-25 (1976); Asquith v. Dep't of Corrections, 186 F.3d 407, 411 (3d Cir. 1999), in this case, Plaintiff is not asserting the rights of her husband to remain at EJSP.  Rather, it is Plaintiff's own constitutionally protected rights that would be violated if prison administrators retaliated against her exercise of those rights by transferring her husband to another detention facility or by taking other adverse action.  Indeed, if a transfer were to serve no interest of the prison and were to be implemented as retaliation for Plaintiff's exercise of her constitutional rights, it might well give rise to a claim on Plaintiff's part.  Therefore, Defendants' motion to dismiss Plaintiff's request for injunctive relief on the basis of a lack of standing is denied.

    2.    **Mootness**

Defendants Hayman and Power also argue that Plaintiff's Amended Complaint is moot

because regulations promulgated by the New Jersey Department of Corrections require that all prison visitors to be searched "in a professional and dignified manner, with maximum courtesy and respect for the visitor's person." N.J. Admin. Code § 10A:18-6.14(m); Defs' Let. Br. at 3. A case becomes moot when changes in circumstances since the beginning of the litigation forestall any occasion for meaningful relief.  Rendell v. Rumsfeld, 484 F.3d 236, 240 (3d Cir. 2007).  However, these regulations were undoubtedly in effect when Plaintiff was abusively searched in September, 2005.  The regulations did not prevent then and, at this stage of the proceeding, it is reasonable to infer that they might not prevent future abusive searches.

      Furthermore, Plaintiff's Amended Complaint alleges that Defendants Hayman and Power are the administrators responsible for the promulgation and enforcement of procedures regarding the admission of visitors to the EJSP. (Am. Compl. ¶ 40.)  Plaintiff also alleges that Defendants Hayman and Power have failed to create or enforce procedures to ensure that handicapped visitors suffer no unnecessary hardships or humiliations and that Defendants Hayman and Power have failed to create or enforce procedures to ensure that corrections officers do not retaliate against visitors who complain about their treatment or the treatment of inmates.  Id. ¶¶ 42, 43.  Finally, Plaintiff alleges that since September, 2005, and the filing of legal action, corrections officers at EJSP have continued to humiliate and harass her when she visits the prison.  Id. ¶ 32.  Taking the allegations as true, Plaintiff's Amended Complaint indicates that no circumstances have changed since the filing of this action that would render the controversy moot.  Consequently, mootness is not a ground on which to dismiss Plaintiff's request for injunctive relief with respect to the search procedures for handicapped visitors of the EJSP and Defendants' motion on that basis is denied.

### 3. Failure to Meet the Standard for Injunctive Relief

Finally, Defendants Hayman and Power argue that the injunctive relief sought in Count III should be dismissed because Plaintiff has failed to allege either irreparable harm or inadequate legal remedies in her Amended Complaint. These arguments, however, are "not proper on a 12(b)(6) motion to dismiss, as they go to what evidence should be adduced on a motion for a preliminary injunction, rather than the sufficiency of the allegations in the complaint." Ryerson v. New Jersey, 2007 U.S. Dist. LEXIS 16335, at *27 (Mar. 6, 2007). Plaintiff has yet to file a motion for a preliminary injunction in this case. Thus, Defendants' motion to dismiss Count III on the ground that she has failed to meet the standard for injunctive relief is denied.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be denied. The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: September 11, 2007